Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7331 | **DATE** | November 27, 2002 |
| **CASE TITLE** | Tango Music v. Deadquick Music, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Tango Music's motion to reconsider Order of September 18, 2002 [47-1] is denied. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices MAILED by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | 53 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to _____ | date mailed notice | |
| KAM | courtroom deputy's initials | | |
| | Date/time received in central Clerk's Office | mailing deputy initials KAM | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TANGO MUSIC, L.L.C., | ) | **DOCKETED** |
| Plaintiff, | ) | DEC 2 2002 |
| v. | ) No. 99 C 7331 | |
| DEADQUICK MUSIC, INC., TONY DEFRIES, and MAXINE MARSHALL, | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Before the court is plaintiff's motion to reconsider our order of September 18, 2002, which dismissed this case for want of prosecution. For the reasons stated below, plaintiff's motion is denied.

### BACKGROUND

Plaintiff claims that defendants committed fraud and breached a license agreement to manufacture and distribute certain recordings of David Bowie in North and South America. In spring 2001, defendants Deadquick Music, Inc. ("Deadquick"), Tony Defries, and Maxine Marshall moved to dismiss the amended complaint.[1] We granted the motions in part and denied them in part; the only

---

[1] The other two defendants, Mainman SAAG and Rykodisc USA, were dismissed from the case for lack of service.
We treated defendants' motion as applying to plaintiff's second amended complaint, which it sought (and was granted) leave to file after the motions to dismiss were filed.

53

remaining counts were Count IV, for breach of license agreement, and Count V, based on the alter ego doctrine. We gave plaintiff leave to file amended Counts I and II (which had alleged fraud and wilful and wanton conduct). Because plaintiff had failed to respond to defendants' motions to dismiss (even after an extension of time) and had failed to return telephone calls from chambers staff, we warned plaintiff that "any failure in the future to pursue this action diligently will result in a dismissal for want of prosecution." Tango Music, L.L.C. v. Deadquick Music, Inc., No. 99 C 7331, 2001 WL 897606, at *7 (N.D. Ill. Aug. 9, 2001).

Plaintiff filed a third amended complaint; on January 14, 2002, defendants moved to dismiss the complaint. At the status hearing on February 6, 2002 and in a minute order of the same date, we set a briefing schedule pursuant to which plaintiff's response to the motion was due on March 22. Plaintiff never filed a response to the motion, and there was no activity in the case until September 18, 2002. On that date, we dismissed the case for want of prosecution, noting that plaintiff had not filed a response and that chambers staff had contacted plaintiff's counsel and received no response.

On October 15, 2002, plaintiff filed the instant motion to reconsider and vacate the order of September 18.

## DISCUSSION

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) allows the district court to relieve a party from a judgment on the grounds of "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or 'any other reason justifying relief from the operation of the judgment.'" McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) (quoting Fed. R. Civ. P. 60(b)). It is well-settled that relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994) (quoting Dickerson v. Board of Educ., 32 F.3d 1114 (7th Cir. 1994)).

Plaintiff relies on the "excusable neglect" ground for relief. It is plaintiff's burden to prove that the neglect was excusable. See Helm v. Resolution Trust Corp., 84 F.3d 874, 878 (7th Cir. 1996). The determination of whether neglect was excusable is an equitable one, taking account of circumstances such as the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, the danger of prejudice to the non-moving party, and whether the movant acted in good faith.[2] See Matter of Bulic, 997 F.2d 299, 302 (7th Cir. 1993) (citing Pioneer

---

[2] This is a non-exclusive list of relevant considerations. See Robb v. Norfolk & W. Ry. Co., 122 F.3d 354, 362 (7th Cir. 1997).

- 4 -

Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993)).

In the motion, plaintiff's counsel explains the reason for his neglect as follows: "Following the court's hearing on February 6, 2002, setting a briefing schedule on defendants' motion to dismiss, Tango's counsel inadvertently failed to docket the response date of March 22, 2002 and other dates in the Court's order. In March 2002, Tango's counsel spoke with defendants' counsel regarding Tango's response, but Tango's counsel was not aware of the failure to docket the dates set by the court." (Motion, ¶¶ 1-2.) Defendants' counsel points out that she initiated the March telephone call, during which she informed plaintiff's counsel that the date had passed for filing his response brief to the motion to dismiss. She also states that plaintiff's counsel responded that he was unaware that the response date had passed and that he intended to move for an extension of time. Plaintiff's counsel does not dispute that the conversation occurred as described by defendants' counsel. Thus, despite any prior failure to "docket" or put the response date on a calendar, by the end of March plaintiff's counsel had become well aware that the response was past due. He still did nothing.

Plaintiff's motion further states that "plaintiff's counsel and his law firm became involved in negotiations regarding a firm merger and other matters resulting in his firm's merger, and the

matter did not appear on counsel's or the firm's calendar." (Motion, ¶ 3.) This explanation does not hold water. We do not understand how the firm's merger would cause a case to disappear from or to not be placed on a calendar (especially after the March 2002 conversation between the parties' counsel.) If plaintiff's contention is that he was too busy with the merger to devote his attention to this case, we note that an associate at his firm has entered an appearance in this matter and that the firm is a large one with many attorneys who could have assisted in preparing a response. When assessing whether neglect was excusable in Pioneer, the Supreme Court stated that it gave "little weight to the fact that counsel was experiencing upheaval in his law practice at the time." 507 U.S. at 398.

Plaintiff's reply offers another reason for the delay: counsel suffered "substantial health problems" during the period of time in question, and the "very symptoms" of his medical condition led to his failure to comply with our order and monitor this case. Plaintiff's counsel attaches his own affidavit describing his medical condition. First of all, it is suspect that this explanation surfaces for the first time in plaintiff's reply brief. But even taking counsel's health problems as true, we do not believe that the nature of the medical condition is such that it justifies counsel completely ignoring this case. Furthermore, as noted supra, another attorney at counsel's firm could have prepared

a response brief to the motion to dismiss or taken responsibility for the case.

Considering all the circumstances, the neglect here was inexcusable. The delay was longer than six months, not mere days or weeks. Moreover, plaintiff's counsel failed to respond to chambers staff when contacted in September. He offers no explanation for this failure. We are mindful of the Seventh Circuit's admonition regarding plaintiffs who ignore deadlines:

> Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous.
> . . .
> [A] plaintiff's failure to comply with the court's orders interferes with the conduct of the litigation and justifies dismissal. . . . Just as an entity may elect not to sue, so it may elect to abandon pending litigation. Ignoring deadlines and orders marks the abandonment of a suit . . . . [I]nexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation.

United States v. Golden Elevator, Inc., 27 F.3d 301, 302-03 (7th Cir. 1994). We recognize that the actual prejudice to defendants from the delay was minimal, but the delay was very egregious, especially considering plaintiff's track record in this case and our prior warning that any future failures to pursue the case would result in dismissal. Furthermore, the reasons offered for the delay fall far short of reasonable justification; there were no circumstances beyond the control of plaintiff's counsel.

Plaintiff argues that it should not be penalized for its counsel's failures, but the Supreme Court rejected this argument in Pioneer: "'Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.'" 507 U.S. at 397 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). See also United States v. 8136 S. Dobson St., 125 F.3d 1076, 1083-84 (7th Cir. 1997) ("Rule 60(b) is not the remedy for attorney negligence or incompetence . . . . Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary.").

## CONCLUSION

For the foregoing reasons, plaintiff Tango Music, L.L.C.'s motion to reconsider our order of September 18, 2002, dismissing this case, is denied.[3]

DATE:     November 27, 2002

ENTER:    _____
          John F. Grady, United States District Judge

---

[3] Although we have denied the motion to reconsider, plaintiff's arguments were not frivolous, and we would be disinclined to award fees in connection with the motion to reconsider.